IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORELAI ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 13 C 5198 |
| AMERICAN GENERAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

James F. Holderman, District Judge:

Defendant American General Life Insurance Company ("American General") in its Motion to Dismiss (Dkt. No. 11) plaintiff Lorelai Anderson's ("Anderson") two-count complaint (Dkt. No. 1-1) presents two issues under Illinois law the court will address: (1) whether Anderson has standing to bring this suit; and (2) whether American General has immunity from this suit. As explained below, the appropriate answer under the law to the first issue is in the negative and to the second the affirmative.

Anderson was the beneficiary of a $100,000 life insurance policy, number 2633653 ("Policy") sold in 1998 by American General to and on the life of Claude Wright, Jr. ("Claude"), who died October 23, 2011. On December 7, 2011, Anderson received the full Policy proceeds, but now seeks $150,000 more in damages based on what Anderson alleges were American General's violations of the Illinois Insurance Code, "Article XL Insurance Information and Privacy Protection" ("IIPP"), 215 ILCS 5/1014, titled "Disclosure Limitations and Conditions," which restricts the disclosure by an insurance institution, such as American General, of "any personal or privilege information about an individual collected or received in connection with an insurance transaction . . . ." *Id.*

JURISDICTION

The case was timely removed by American General from the Circuit Court of Cook County, pursuant to 28 U.S.C. § 1446, based on the parties' diversity of citizenship. This court has jurisdiction to adjudicate the matter under 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000, and Anderson is an Illinois citizen, while American General is a citizen of Texas.

FACTS

The facts Anderson has alleged in her complaint (Dkt. No. 1-1) are accepted to be true by the court for purposes of this motion. Those facts as alleged in Anderson's complaint (Dkt. No. 1-1) are as follows:

On September 25, 1998, Claude purchased the Policy from American General. The Policy had a value upon his death of $100,000. Claude designated Anderson as the beneficiary. Claude made all the necessary payments to keep the Policy current to the date of his death, October 23, 2011. In the course of Claude's dealings with American General, Claude provided American General personal identification information.

On October 24, 2011, American General accepted multiple phone calls from Claude's son, Sugar Wright (hereinafter "Wright"), who was not a party to the Policy, regarding the Policy. Among other private information, Wright requested the number of designated beneficiaries under the Policy, the individual names of the beneficiaries, and the Policy's face amount. Upon Wright's request, American General disclosed Anderson's name as the primary beneficiary designated under the Policy.

On October 25, 2011, Anderson informed American General by telephone that Claude had died on October 23, 2011. Also, on October 25, 2011, American General accepted a phone call from Wright requesting a duplicate copy of the Policy. That same day, Andersen informed

American General that American General had released private policy information to unauthorized individuals.

On October 26, 2011, American General again accepted a phone call from Wright regarding the duplicate copy of the Policy that Wright requested on October 25, 2011, notwithstanding that Anderson had previously notified American General that she had not authorized information on the Policy to be given to a third party.

On November 14, 2011, American General accepted a phone call from Wright requesting contact information for the American General's Consumer Affairs Department and American General provided Wright this information. Also, on November 14, 2011, Anderson telephoned American General to inquire as to the status of her claim under the Policy. American General informed Anderson that she would receive the proceeds of the Policy no later than November 29, 2011.

On November 29, 2011, Anderson received a letter from American General stating that her claim for insurance proceeds had been transferred to American General's Legal Department, because the validity of her beneficiary status was being questioned. American General made the determination to delay payment of the Policy proceeds to Anderson based on allegations made by Wright after American General revealed to Wright confidential information regarding the Policy.

Anderson finally received the Policy proceeds on December 7, 2011.

On December 13, 2011, American General again accepted multiple phone calls from Wright regarding the Policy. At that time, American General disclosed to Wright the name of the agent who sold the Policy to Claude, and that Claude had provided his driver's license at the time of the purchase of the Policy.

## ANDERSON'S COMPLAINT'S ALLEGATIONS UNDER THE LAW

Anderson in Count I of her complaint alleges that based on the above facts, which the court accepts as true, American General was negligent in disclosing the information American General disclosed to Claude's son Wright and that American General failed to fulfill its duties and obligations imposed by Illinois law set forth in the IIPP of the Illinois Insurance Code ("Code"). Anderson alleges and the court accepts that Anderson did not give American General any written authorization or any other authorization to make the disclosures to Wright. Anderson also alleges and the court accepts that American General's disclosures of information to Wright directly caused Anderson to suffer actual damages, which Anderson will continue to suffer, including but not limited to the delay in Anderson's receipt of the Policy's insurance proceeds, and Anderson's anxiety, emotional distress and other economic and non-economic harm.

Anderson in Count II of her complaint alleges invasion of her privacy rights and interests as a result of American General's unauthorized disclosures to Wright and that Anderson suffered damages and will continue to suffer damages of the same type as Anderson alleges in Count I.

## APPLICABLE LEGAL STANDARD

American General has moved to dismiss Anderson's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which tests the "sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Anderson's complaint need only give a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). In making this determination, this court must

not credit "legal conclusions" nor "[t]hreadbare recitals of the elements of a cause of action." *Id.* Moreover a "plausible" claim is not merely one which is "conceivable" or creates a "suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007) (citations and internal quotation marks omitted). Instead, the "factual content" is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. As the Seventh Circuit has instructed, this involves pleading "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Evaluating a plaintiff's complaint by this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. If the plaintiff has alleged a plausible set of facts, then the claim for relief "may proceed even if it strikes a . . . judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

Accepting the facts Anderson has alleged in her complaint to be true, this court determines based on those facts that as a matter of law, Anderson has not stated a plausible claim upon which relief may be granted in the case. A plaintiff like Anderson can plead herself "out of court by pleading facts that show that she has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823 (7th Cir. 2011). A plaintiff is not permitted to rely on "mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011). When reviewing a 12(b)(6) motion to dismiss, the court "construe[s] all well-pleaded alleged facts, and draw[s] all reasonable inferences, in a light most favorable to the plaintiff." *Council 31 v. Quinn,* 680 F.3d 875, 884 (7th Cir. 2012).

5

LEGAL ANALYSIS

    A.    <u>Plaintiff Anderson's Standing</u>

Both sides agree the question of whether Anderson has standing to bring this suit turns on the definition of the words "an individual" as those words are used in the phrase in 215 ILCS 5/1014, "any personal or privileged information about <u>an individual</u> collected or received in connection with an insurance transaction . . . ." (emphasis added.)

According to American General, 215 ILCS 5/1003(J)(2) states:

(J) "Individual" means any natural person who:

\* \* \*
    (2) in the case of life, health or disability insurance, is a past, present, or proposed principal insured or certificateholder; . . . .

Andersen, on the other hand, argues that subsection (5) of 215 ILCS 5/1003(J) provides the pertinent definition of the word "Individual" stating:

(J) "Individual" means any natural person who:

\* \* \*
    (5) is a past or present claimant; . . . .

American General recognizes Anderson's point that the IIPP defines "Individual" to include a past or present claimant. American General argues, however, that because the IIPP specifically defines who an "Individual" is in the context of life insurance, which does not include a past or present claimant within the definition of the word "Individual" for standing purposes in the context of life insurance, which is the context of the Policy in this case, does not include Anderson, a life insurance policy beneficiary.

The IIPP specifically states that "Individual" means "in the case of life, health or disability insurance, . . . a past, present or proposed principal insured or certificateholder." 215 ILCS 5/1003(J)(2) (2013). Under the maxim *expressio unius est exclusio alterius,* "the

expression of one thing is the exclusion of another," when certain things are enumerated in a statute, the "enumeration implies the exclusion of all other things even if there are no negative words of prohibition." *Martis v. Pekin Mem'l Hosp., Inc.,* 917 N.E.2d 598, 604 (Ill. App. Ct. 2009); see also *People v. Lisa M. (In re D.W.),* 827 N.E.2d 466, 479 (Ill. 2005); *Metzger v. DaRosa*, 805 N.E.2d 1165, 1172 (Ill. 2004). Another judge of this district has succinctly summarized the statutory construction analysis as follows:

> As the Illinois Supreme Court has noted, "'[w]here a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions.'" *Metzger,* 209 Ill. 2d at 44, 805 N.E.2d at 1172, 282 Ill. Dec. at 155 (quoting *Burke v. 12 Rothschild's Liquor Mart, Inc.,* 148 Ill. 2d 429, 442, 170 Ill. Dec. 633, 593 N.E.2d 522 (1992)). This maxim of statutory construction, known as *expressio unius est exclusio alterius*, "is based on logic and common sense. It expresses the learning of common experience that when people say one thing they do not mean something else. The maxim is closely related to the plain language rule in that it emphasizes the statutory language as it is written." *Metzger*, 209 Ill. 2d at 44, 805 N.E.2d at 1172, 282 Ill. Dec. at 155.

*Goldberg v. 401 North Wabash Venture LLC,* No. 09 C 6455, 2010 WL 1655089, at *7 (N.D. Ill. Apr. 22, 2010) (St. Eve, J.).

As stated above, the IIPP defines who an "Individual" with standing is under the IIPP in the context of life insurance. The IIPP also provides definitions of the term "Individual" outside the context of life insurance. The full subsection states::

> (J) "Individual" means any natural person who:
>     (1) in the case of property or casualty insurance, is a past, present or proposed named insured or certificateholder;
>     (2) in the case of life, health or disability insurance, is a past, present or proposed principal insured or certificateholder;
>     (3) is a past, present or proposed policyowner;
>     (4) is a past or present applicant;
>     (5) is a past or present claimant; or
>     (6) derived, derives or is proposed to derive insurance coverage under an insurance policy or certificate subject to this Article.

215 ILCS 5/1003(J). Contrary to Anderson's argument, proper interpretation of the statutory term "Individual," as defined by (J)(3)-(6), does not fall under the life, health, or disability

7

insurance clause in subsection (J)(2). Because the IIPP specifically identifies the qualified individuals in the context of life insurance, Illinois law provides that all other omissions should be understood as exclusions. *Goldberg, supra,* 2010 WL 1655089, at *7.

The Illinois General Assembly could have included policyowners, applicants, or claimants under (J)(2) for life insurance purposes, but chose only to qualify "the principal insured and certificateholder" as the individuals to whom insurance institutions have a duty of non-disclosure in the context of life insurance. Likewise, the Illinois General Assembly could have just listed all of the potential individuals with standing without the separate specific clause for life insurance, but again chose not to. Additionally, a policyowner in (J)(3) is the same as a certificateholder in (J)(2)—if the Illinois General Assembly wanted those with standing in the life insurance context to include the individuals identified in subsections (J)(3)-(6) of 215 ILCS 5/1003, it would not have needed to specially include certificateholder in (J)(2) as it would be redundant with policyowner in (J)(3). This specific enumeration of insureds and certificateholders for life insurance in (J)(2) implies the exclusion of the persons listed in (J)(3)-(6). *Demars-Evans v. Mikron Digital Imaging-Midwest, Inc.,* No. 13 C 1179, 2013 WL 3224588, at *4. (N.D. Ill. June 25, 2013) (Darrah, J.) ("The Illinois Supreme Court has held that under the rule of *expressio unius est exclusio alterius*, when certain things are enumerated in a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition.") (citation omitted).

The application of the IIPP to insureds or certificateholders in the context of life insurance is consistent with the IIPP's purpose which states as follows:

> The purpose of this Article is to establish standards for the collection, use and disclosure of information gathered in connection with insurance transactions by insurance institutions, agents or insurance-support organizations; to maintain a balance between the need for information by those conducing the business of insurance and the public's need for fairness in insurance information practices,

8

including the need to minimize intrusiveness; to establish a regulatory mechanism to enable natural persons to ascertain what information is being or has been collected about them in connection with insurance transactions and to have access to such information for the purpose of verifying or disputing its accuracy; to limit the disclosure of information collected in connection with insurance transactions; and to enable insurance applicants and policyholders to obtain the reason for any adverse underwriting decision.

215 ILCS 5/1001. In the life insurance context, it is the insured who applies for the insurance and thus it is his or her medical and personal information that the IIPP is designed to protect, not a beneficiary's identification. The IIPP was likewise designed to allow insureds to obtain reasons for adverse underwriting decisions—this again has no bearing on a beneficiary. If Anderson, as a beneficiary, is not an "Individual" under the IIPP, the IIPP does not protect her information (here, her identify) from disclosure. If Anderson is not a protected "Individual," she has no standing under the IIPP. "[F]ederal courts may not grant relief when standing does not exist." *UMF Corp. v. Norwex USA, Inc.,* No. 12 C 9156, 2013 WL 1154477, at * (N.D. Ill. Mar. 19, 2013) (Leinenweber, J.) (citation omitted). In the statutorily defined context of life insurance, which is the Policy here, a beneficiary like Anderson has no statutory basis for standing to bring any claim based on any American General disclosures under the IIPP, and both counts of Anderson's complaint should be dismissed with prejudice, because American General had no duty or non-disclosure obligation to Anderson.

  B. <u>American General's Immunity</u>

Chapter 215 ILCS 5/1022 is the immunity provision of the IIPP and states:

§ 1022. Immunity. No cause of action in the nature of defamation, invasion of privacy or negligence shall arise against any person for disclosing personal or privileged information in accordance with this Article, nor shall such a cause of action arise against any person for furnishing personal or privileged information to an insurance institution, agent or insurance support organization; provided, however, this Section shall provide no immunity for disclosing or furnishing false information with malice or willful intent to injure any person.

9

Applying Section 1022 to the allegations of Anderson's complaint, Anderson is also foreclosed from suing American General and American General's motion to dismiss must be again granted both as to Anderson's negligence claim in Count I and invasion of privacy claim in Count II. Anderson's complaint's factual allegations taken as true demonstrate that American General's alleged conduct in making the alleged disclosures did not violate the IIPP. Chapter 215 ILCS 5/1014(B)(2)(a)-(b) explicitly allows an insurance institution, like American General, to disclose information to third-parties (i.e., not an insurance institution, agent, or insurance-support organization) provided such disclosure is reasonably necessary:

> (2) to enable such person to provide information to the disclosing insurance institution, agent, or insurance-support organization for the purpose of:
> (a) determining an individual's eligibility for an insurance benefit or payment, or
> (b) detecting or preventing criminal activity, fraud, material misrepresentation or material nondisclosure in connection with an insurance transaction; . . . .

American General was authorized by the IIPP to investigate the validity of Anderson's beneficiary status, which as Anderson alleged in paragraph 22 of her complaint, "was being questioned." (Dkt. No. 1-1 at 3.) When that happened, it was incumbent on American General to determine Anderson's eligibility for the $100,000 insurance payment and to prevent fraud. American General's disclosures as alleged in Anderson's complaint were reasonably necessary to further American General's investigation. Consequently, as alleged in Anderson's complaint, American General did not violate the IIPP. Accepting all of Anderson's factual allegations in her complaint to be true, none of the allegations, alone or collectively, allege any disclosures by American General that were unreasonable or unnecessary for the purpose of allowing American General to gather information and evaluate the validity of Anderson's beneficiary status. American General's conduct alleged in Anderson's complaint is within the framework of the IIPP's immunity provision, 215 ILCS 5/1022, and accords American General immunity in this case. The court need not address any further points. This case should be dismissed.

CONCLUSION

For the reasons stated in this opinion, Defendant's motion to dismiss Plaintiff's complaint [11] is granted. The court orders that plaintiff Lorelai Anderson's complaint is dismissed with prejudice. This is a final order, and this case is terminated.

ENTER:

*James F. Holderman*
_____
JAMES F. HOLDERMAN
United States District Judge

Date: December 4, 2013